UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RON REEVES,

               Plaintiff,

-against-

HEARST CORPORATION and
TOURNEAU, INC.

               Defendants.
------------------------------------------------------X

Civ. Action No. **07 CV 3771** (PKC) (ECF CASE)

JUDGE CASTEL

COMPLAINT

MAY 1 4 2007

      Plaintiff, by his attorneys, Joel L. Hecker, Esq. of Russo & Burke, as and for his complaint against defendants herein, alleges as follows:

### JURISDICTION

      1.    This action arises under Title 17 of the United States Code, and jurisdiction is vested in this Court under 28 U.S.C. Sec. 1338. Proper venue exists under 28 U.S.C. Sec. 1400(a) in that defendants reside, do business and/or may be found in this district and certain of the transactions complained of occurred in this district. Jurisdiction is vested in the additional counts under the principles of supplemental jurisdiction.

### THE PARTIES

      2.    Plaintiff is and at all relevant times herein has been a resident of the City, County and State of New York.

      3.    Upon information and belief, defendant Hearst Corporation ("Hearst") is a domestic corporation with principal offices at 300 West 57th Street, New York, NY 10019, and is in the publication business.

4. Upon information and belief, defendant, Tourneau, Inc. ("Tourneau") is a domestic corporation with principal offices at 3 East 54th Street, New York, NY 10022, and is engaged in the business of manufacturing and selling watches and other time pieces.

## COUNT I
## COPYRIGHT INFRINGEMENT
### (Against all Defendants)

5. Plaintiff is and at all relevant times herein has been engaged in the business of creating professional photography for use by his clients.

6. In Spring 2006 Hearst retained plaintiff to create photographic images of Tourneau watches which were to be used by Hearst and its client, Tourneau, solely in a Tourneau advertising section for Hearst Publications, to run only in Hearst Print Publications for one month in 2006 (the "Assignment").

7. Pursuant thereto, plaintiff caused, among others, 23 original photographic works to be created (the "Copyrighted Photographs"). The Copyrighted Photographs were and are wholly original to plaintiff and are copyrightable subject matter under the copyright laws of the United States.

8. Plaintiff, by causing the creation of the Copyrighted Photographs, thereby secured the exclusive rights granted to the author of copyrightable work under the copyright laws of the United States.

9. Since the creation of the Copyright Photographs, publication of same by plaintiff or under his authority or license has been in strict conformity with the provisions of the copyright laws.

10. Since the creation of the Copyrighted Photographs, plaintiff has been the sole proprietor of all rights, title and interest in and the copyright of said Photographs.

11. Prior to the commencement of this action, plaintiff complied in all respects with the United States Copyright Act and all other laws governing copyrights by filing the Copyrighted Photographs with the United States Copyright Office, along with payment of the requisite fees. Plaintiff thereafter obtained registration of the Copyrighted Photographs under Registration No. VA 1-369-654. A copy of such Registration Certificate is annexed hereto as Exhibit "A".

12. After completion of the Assignment, Hearst used the Copyrighted Photographs in a Tourneau brochure entitled *Build Your Watch Wardrobe* (the "Advertising Brochure") which was published as a Tourneau advertising section in selected Hearst publications as licensed by plaintiff.

13. Thereafter, defendants created a stand alone brochure from the Advertising Brochure by adding to the back cover of the Advertising Brochure a list of Tourneau stores and addresses and a mailing template, and to the front cover the phrase "As seen in Esquire, Harper's Bazaar, Smartmoney, Town & Country and Veranda" (the "Infringing Brochure").

14. The Infringing Brochure, which contained the Copyrighted Photographs, was distributed nationwide and perhaps overseas as well.

15. These uses of the Copyrighted Photographs in the Infringing Brochure were without the authorization, knowledge or consent of plaintiff, and contrary to the terms of the license granted to defendants.

16. Such uses of the Copyrighted Photographs in the Infringing Brochure continued after plaintiff notified defendants that such use was unauthorized and must be discontinued.

17. Defendants knew that such infringing use was not authorized by plaintiff, and that such acts were contrary to the usage rights granted by plaintiff to defendants.

18. These uses of the Copyrighted Photographs, without plaintiff's permission, authorization or consent, and contrary to the understanding of the parties, were deliberate infringements of plaintiff's copyright in his work.

19. Defendants thus infringed plaintiff's exclusive rights in the copyright to the Copyrighted Photographs, in violation of Sections 106(2) and (5) of the Copyright Act of 1976, 17 U.S.C. Sections 106(2) and (5).

## COUNT II
## BREACH OF CONTRACT
### (Against defendant Hearst)

20. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 12 herein with the same force and effect as is fully set forth at length hereat.

21. In connection with the Assignment, Hearst agreed to pay plaintiff photography fees and expenses aggregating $77,735.69.

22. Pursuant thereto, plaintiff created the required color photography and submitted same to defendants which photography was used in the Advertising Brochure.

23. Plaintiff fully and completely performed the services required of him to be performed pursuant to the agreement between the parties.

24. Hearst has refused and continues to refuse to pay such fees, or to reimburse plaintiff the expenses incurred by plaintiff on behalf of defendants, except for an initial advance of $15,000 and a second payment on February 1, 2007 of $41,070, leaving a balance due of $20,665.69.

25. Such acts constitute breach of contract by Hearst.

26. As a result thereof, plaintiff has been damaged by Hearst in the sum of $20,665.69, no part of which has been paid although duly demanded.

### COUNT III
### QUANTUM MERIUT
**(Against defendant Hearst)**

27. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 12 and 21 through 24 herein with the same force and effect as is fully set forth at length hereat.

28. Hearst has utilized plaintiff's work, labor and services, for Hearst's business purposes, without paying the fair and reasonable value for such use.

29. The fair and reasonable value for the services rendered by plaintiff for Hearst including disbursements advanced is $77,735.69, of which only $56,070 has been paid.

30. As a result thereof, plaintiff has been damaged by Hearst in the sum of $20,665.69, no part of which has been paid although duly demanded.

### COUNT IV
### UNJUST ENRICHMENT
### (Against defendant Hearst)

31. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 12 and 21 through 24 herein with the same force and effect as is fully set forth at length hereat.

32. Hearst has been unjustly enriched by the value of the work, labor and services performed by plaintiff and payment of the expenses advanced by plaintiff on Hearst's behalf, and not reimbursed.

33. As a result, plaintiff has been damaged by Hearst in the sum of $20,665.69 no part of which has been paid although duly demanded.

WHEREFORE, plaintiff demands judgment against defendants as follows:

A. On Count I against defendants, jointly and severally:

1) that defendants, their agents, servants, employees, officers, attorneys and all those persons in active concert or participation with each and any of them be enjoined during the pendency of this action and permanently, from directly or indirectly infringing the Copyrights of plaintiff in any manner, and from publishing the infringing material.

2) that defendants be required to deliver up to plaintiff to be impounded during the pendency of this action, all material infringing the Copyrighted Photographs, which are in their possession or under their control and to deliver up for destruction any material used in the making or publishing of such infringing material;

6

3) for an accounting of the proceeds derived by defendants from the publication of the infringing material and upon such accounting, that defendants pay to plaintiff damages provided by statute for defendants' statutory copyright infringement, and all monies determined to be benefits generated or arising from such infringing material, and the damages which plaintiff has suffered as a result of such infringement; and

4) that defendants pay to plaintiff as and for exemplary damages the sum of $150,000.

B. On each of Counts II, III, and IV, that defendant Hearst pay to plaintiff the sum of $20,665.69.

C. On all Counts, that defendants pay to plaintiff all the costs and expenses of this action, including reasonable attorneys' fees to be assessed by the Court, plus interest as appropriate, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
      May 10, 2007

                                      Russo & Burke

                          By: /s/ Joel L. Hecker
                                Joel L. Hecker, Esq. (JH 0842)
                                Attorneys for Plaintiff
                                600 Third Avenue
                                New York, New York 10016
                                (212) 557-9600

C:\WPWIN\Reeves\Complaint.doc 11,911

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-369-654**

EFFECTIVE DATE OF REGISTRATION

**NOV 14 2006**

Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**Title of This Work ▼**
Bulding your watch wardrobe

**NATURE OF THIS WORK ▼ See Instructions**
Photography

**Previous or Alternative Titles ▼**
watch story

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**
Bulding your watch wardrobe In Fall fashion Issue Harpers Bazarr 2006  24 page insert

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**
FAll Fashion Sept                                9/01/06            Insert

---

**2 a**

**NAME OF AUTHOR ▼**
Ron Reeves

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼
1963

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _USA_
     { Domiciled in _

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map           ☐ Technical drawing
☐ 2-Dimensional artwork      ☒ Photograph    ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _
     { Domiciled in _

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map           ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph    ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

---

**3 a**

**Year in Which Creation of This Work Was Completed**
2006   Year   This information must be given in all cases.

**b Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month September    Day 15    Year 2006
Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Ron Reeves : 330 West 38th St, #806, NY, NY 10018

**APPLICATION RECEIVED**
**NOV 14 2006**
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
**NOV 14 2006**

**FUNDS RECEIVED**

See Instructions before completing this space.

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

1 of 2

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☒ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**
a
b

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼     Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
Ron Reeves: 330 West 38th Street #806, NY, NY, 10018

Area code and daytime telephone number (212) 244-7580     Fax number (212) 244-0197
Email

**7**
a
b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☒ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Ron Reeves                                    Date 11/01/06

Handwritten signature (X) ▼
X _[signature]_    11/01/06

**8**

Certificate will be mailed in window envelope to this address:

| Name ▼ |
|---|
| Ron Reeves |
| Number/Street/Apt ▼ |
| 330 West 38th St |
| City/State/ZIP ▼ |
| New York, NY, 10018 |

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

**9**