UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RON REEVES,

    Plaintiff,

-v-

HEARST CORPORATION and
TOURNEAU, INC.,

    Defendants.

No. 07 CV 3771 (PKC)

ANSWER

Defendants Hearst Corporation and Tourneau, Inc., by and through their undersigned counsel, hereby answer the complaint. Defenses and denials are included herein.

All allegations of the complaint are denied except as specifically admitted herein. Where defendants state that they do not know whether an allegation is true, this means that defendants are without knowledge or information sufficient to form a belief as to the truth of the averment which is the subject of the pleading.

The paragraphs of this answer correspond to the numerical paragraphs of the complaint, except for the defenses at the end.

1.     Defendants deny the allegations set forth in the first sentence of paragraph 1 of the Complaint, except admit that plaintiff's first claim is asserted under Title 17, United States Code (the "Copyright Act") and that this Court has jurisdiction of the action under the Section of the Copyright Act cited by plaintiff and principles of supplemental jurisdiction. Defendants admit that venue is properly lodged in the Southern District of New York.

2.  Defendants do not know whether the allegations of paragraph 2 of the complaint are true.

3.  Defendants deny that Hearst Corporation is a domestic corporation or a proper defendant in this case but admits the remaining allegations of paragraph 3 of the complaint.

4.  Defendants deny the allegations of paragraph 4 of the complaint, except admit that in March 2007 Tourneau, Inc. merged into Tourneau, LLC, a Delaware limited liability company, which is the successor by merger to Tourneau, Inc. Tourneau, LLC ("Tourneau") has its principle offices at 3 East 54th Street, New York, NY 10022, and is engaged in the business of manufacturing and selling watches and other time pieces.

5.  Defendants do not know whether the allegations of paragraph 5 of the complaint are true.

6.  Defendants admit that agents of Hearst Communications, Inc. ("Hearst") retained plaintiff in 2006 to create photographic images of Tourneau watches to be used by Hearst and its client, Tourneau, and otherwise deny the allegations of paragraph 6 of the complaint.

7.  Defendants do not know whether the allegations of paragraph 7 of the complaint are true, except admit that plaintiff took photographs for defendants' use.

8.  Defendants deny the allegations of paragraph 8 of the complaint, except admit that plaintiff did create photographs for defendants' use, and that photographs are copyrightable under the Copyright Act.

9.  Defendants deny the allegations of paragraph 9 of the complaint.

10. Defendants deny the allegations of paragraph 10 of the complaint.

11. Defendants deny the allegations set forth in the first sentence of paragraph 11 of the complaint, and do not know whether the allegations set forth in the second and third sentences are true, except admit that Exhibit A to the complaint purports to be a registration certificate.

12. Defendants deny the allegations of paragraph 12 of the complaint, except admit that Hearst used plaintiff's photographs in a Tourneau brochure entitled *Build Your Watch Wardrobe* that was used as an insert in selected Hearst publications ("Tourneau Magazine Brochure").

13. Defendants deny the allegations of paragraph 13 of the complaint, except admit they created a second version of the Tourneau Magazine Brochure which differed insofar as it included on the back cover a list of Tourneau stores and addresses and a mailing template, and a legend on the front cover that read "As seen in Esquire, Harper's Bazaar, Smartmoney, Town & Country and Veranda" ("Tourneau Mailing Brochure").

14. Defendants deny the allegations of paragraph 14 of the complaint, except admit the Tourneau Mailing Brochure was distributed nationwide.

15. Defendants deny the allegations of paragraph 15 of the complaint.

16. Defendants deny the allegations of paragraph 16 of the complaint.

17. Defendants deny the allegations of paragraph 17 of the complaint.

18. Defendants deny the allegations of paragraph 18 of the complaint.

19. Defendants deny the allegations of paragraph 19 of the complaint.

20. Defendants repeat and reiterate each and every response contained in paragraphs 1 through 20 herein with the same force and effect as if fully set forth.

21. Defendants deny the allegations of paragraph 21 of the complaint.

22. Defendants deny the allegations of paragraph 22 of the complaint, except admit that plaintiff submitted to Hearst photography of inferior quality that required extensive retouching in order to be made suitable for publication and distribution in the Tourneau brochures.

23. Defendants deny the allegations of paragraph 23 of the complaint.

24. Defendants deny the allegations of paragraph 24 of the complaint, except admit that Hearst paid plaintiff in full, the amount of $56,070.

25. Defendants deny the allegations of paragraph 25 of the complaint.

26. Defendants deny the allegations of paragraph 26 of the complaint.

27. Defendants repeat and reiterate each and every response contained in paragraphs 1 through 26 herein with the same force and effect as if fully set forth.

28. Defendants deny the allegations of paragraph 28 of the complaint.

29. Defendants deny the allegations of paragraph 29 of the complaint.

30. Defendants deny the allegations of paragraph 30 of the complaint.

31. Defendants repeat and reiterate each and every response contained in paragraphs 1 through 30 herein with the same force and effect as if fully set forth.

32. Defendants deny the allegations of paragraph 32 of the complaint.

33. Defendants deny the allegations of paragraph 33 of the complaint.

FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff's claim is barred by the fact that any use of plaintiff's photography by defendants was with permission of plaintiff.

### THIRD DEFENSE

Plaintiff's conduct, his acts, and his failure to act constitute a waiver of the actions or breaches, if any, alleged in the complaint.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification and/or express or implied consent.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches and/or acquiescence.

### SIXTH DEFENSE

Plaintiff's claims are barred by application of the doctrine of unjust enrichment.

### SEVENTH DEFENSE

Plaintiff's claims are barred, because, to the extent plaintiff suffered harm, if at all, such harm was caused by his own acts or omissions and not by the acts or omissions of defendants.

### EIGHTH DEFENSE

Plaintiff's claim under the Copyright Act, in whole or in part, is barred or subject to dismissal for failure to comply with registration requirements and other necessary formalities.

### NINTH DEFENSE

Defendants acted at all times in good faith.

### TENTH DEFENSE

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserve their right to amend their Answer and assert such defenses.

5

T:\TM\GL02\#COPYRIGHT\REEVESANSWER.DOC

WHEREFORE, defendants demands judgment as follows:

A. Dismissing the complaint in its entirety with prejudice;

B. Awarding defendants their costs and expenses, including attorneys' fees, incurred in this action; and

C. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 28, 2007

Respectfully submitted,

THE HEARST CORPORATION

By: _____
Jonathan R. Donnellan
Christopher A. Fraser
Office of General Counsel
300 West 57th Street, 40th Floor
New York, New York 10019
(212) 649-2000

*Attorneys for Defendant*
*The Hearst Corporation*

TOURNEAU, INC.

By: _____
Stuart Fisher
Tourneau, LLC
3 East 54th Street
New York, New York 10022

*Attorney for Defendant*
*Tourneau, Inc.*

6